**E-FILED**
Tuesday, 29 September, 2015  09:02:46 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRIAN DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-1085 |
| | ) | |
| CORRECTIONAL OFFICER M. | ) | |
| HUBERT, | ) | |
| CMT AMY MOORHOUSE, | ) | |
| JOHN AND JANE DOES, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JAMES E. SHADID, U.S. District Judge.

Plaintiff, proceeding pro se from his incarceration in the Pontiac Correctional Center, claims that Officer Hubert intentionally put glass shards in Plaintiff's hair removal cream, causing deep cuts on Plaintiff's scalp.  Plaintiff also claims that Amy Moorhouse, a medical technician, denied Plaintiff's requests for medical care after the incident.

Defendants move for summary judgment, arguing lack of exhaustion.  Their evidence shows that Plaintiff's prison grievance about the glass shards was denied by the Warden and mailed to

Plaintiff through institutional mail, and that Plaintiff never appealed that decision as required by 20 Ill. Admin. Code 504.850.

Plaintiff counters that he never received a response to his grievance after he sent the grievance to the grievance officer, despite repeatedly asking the grievance officer to respond.

The Court cannot entirely resolve Defendants' motion on paper.  That is because whether Plaintiff received the Warden's decision depends on Plaintiff's credibility.  If Plaintiff did not receive the Warden's decision, then Plaintiff did all he could to exhaust his administrative remedies.  20 Ill. Admin. Code 850(a)(appeal is filed after decision received).  However, if Plaintiff did receive the Warden's decision, then Plaintiff did not exhaust his available administrative remedies, and this case must be dismissed.  Because credibility determinations are necessary, an evidentiary hearing, commonly called a <u>Pavey</u> hearing, must be held.  <u>Roberts v. Neal</u>, 745 F.3d 232, 234 (7th Cir. 2014)(a swearing contest regarding exhaustion requires an evidentiary hearing).  The motion for summary judgment will, therefore, remain pending as to Officer Hubert.

However, summary judgment will be granted to Defendant Moorhouse, the medical technician.  The purpose of the exhaustion requirement is to provide notice of a problem to prison officials so that they have an opportunity to correct the problem before involving the courts.  Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013).  The Illinois Administrative Code requires that grievances "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint."  20 Ill. Admin. Code 504.810(b).

Plaintiff did not mention Defendant Moorhouse in his grievance, nor did he mention anything about a lack of medical care in his grievance.  Plaintiff's grievance focuses solely on Officer Hubert intentionally inserting glass shards in the hair removal cream.  The response to the grievance also focuses solely on that issue.  Even the most liberal reading of the grievance does not give notice of any problem with Moorhouse or medical care.  Summary judgment must, therefore, be granted to Defendant Moorhouse.

**IT IS THEREFORE ORDERED:**

1)      The motion for summary judgment on exhaustion is granted as to Defendant Moorhouse and remains pending as to Officer Hubert (17).

2)      An evidentiary hearing is set for November 4, 2015 at 1:00 p.m.  Plaintiff and all other witnesses shall appear by video conference from the Pontiac Correctional Center.

3)      By October 16, 2015, the parties shall separately file a motion for witnesses, setting forth the names of any witnesses they seek to call and what each witness's expected testimony will be.

4)      Plaintiff's motion for a restraining order is denied (21). Plaintiff claims that Defendant Moorhouse is verbally harassing him and spit in his face, in retaliation for this lawsuit.  Ms. Moorhouse is no longer a Defendant in this case because Plaintiff did not exhaust his administrative remedies as to her.  Plaintiff's other allegations in his motion are not claims in this case.  This case is limited to the claim that Officer Hubert intentionally put glass shards in Plaintiff's hair removal cream for the purpose of harming Plaintiff.

5)    "John Doe" and "Jane Doe" are dismissed as Defendants because Plaintiff has not timely identified them as required by the Court's Scheduling Order.

6)    **The clerk is directed to terminate Defendants Moorhouse, John Doe, and Jane Doe.**

ENTERED:   9/29/2015

FOR THE COURT:

**_____s/James E. Shadid_____**
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE